UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS W. VILLACRES VARGAS and BRITTANY VILLACRES MANTUANO, as Next Friend,<br><br>Petitioner,<br><br>v.<br><br>RAUL MALDONADO JR., in his official capacity as Warden of Metropolitan Detention Center Brooklyn; WILLIAM JOYCE, in his official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as Acting Executive Associate Director, Enforcement and Removal Operations; TODD M. LYONS, in his official capacity as Acting Director Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; and TODD BLANCHE, in his official capacity as Acting U.S. Attorney General,<br><br>Respondents. | **MEMORANDUM & ORDER**<br>26-CV-5223 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On August 14, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner Luis W. Villacres Vargas in Queens, New York, after ICE agents encountered him while searching for another person of interest. Petitioner was ultimately transferred to the Metropolitan Detention Center in Brooklyn ("MDC"), where he remains detained. He now seeks

a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 (Petition; "Pet.").[1] For the reasons that follow, his Petition is GRANTED.

**BACKGROUND**

Petitioner is a citizen of Ecuador who entered the United States on or about March 9, 2024, near Lukeville, Arizona. *See* Pet. ¶ 20; ECF No. 5 at 1 (Government's Response; "Resp."). On the day of his arrival, Petitioner was encountered by a U.S. Customs and Border Protection ("CBP") Agent, who determined that Petitioner had unlawfully entered the United States. *See* Resp. at 1. CBP issued Petitioner a Warrant of Arrest and Notice to Appear one day later and commenced removal proceedings, before releasing Petitioner on his own recognizance. *See* Pet. ¶ 21, Tab A, Tab B; ECF No. 5-4 (Notice to Appear); ECF No. 5-6 (Order of Release on Recognizance). Petitioner then filed an Application for Asylum and for Withholding of Removal and was granted work authorization on January 26, 2025. *See* Pet. ¶ 21, Tab C, Tab D. Respondents also note that Petitioner filed applications for relief with the Executive Office for Immigration Review ("EOIR") on July 25, 2024, and October 28, 2024, which were granted and resulted in Petitioner's initial master calendar hearing being scheduled for August 7, 2028. *See* ECF No. 5-1 ¶¶ 7–8 (Declaration of Mayra Pardo).

On August 14, 2026, ICE officers detained Petitioner while he was driving to work. *See* Pet. ¶ 23. ICE officers were searching for another individual and identified Petitioner only after running his license plate through law enforcement databases. *See* ECF No. 5-1 ¶ 10. The government does not claim that Petitioner is a flight risk or danger to the community, but it notes

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

that Petitioner was arrested on July 10, 2026, for assault in the third degree, though the charges have since been dismissed. *See id.* ¶ 9.

On August 25, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. *See* Pet. The same day, the Court issued an Order to Show Cause directing the government to show why a writ of habeas corpus should not be granted, and why it should not be ordered to immediately release Petitioner from detention, in light of the Second Circuit's holding in *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026). *See* August 25, 2026, Text Order. The Court also directed the government to address whether Petitioner is being detained pursuant to 8 U.S.C. § 1225 (mandatory detention) or § 1226 (discretionary detention with bond eligibility). *See id.* The Court further directed that if the government's position is that Petitioner was initially detained under Section 1225 and is now properly detained under Section 1226, the government must explain why such a theory is proper in light of Judge Reyes's decision in *Pastrana-Beltran v. Mullin*, No. 26-cv-2657, 2026 WL 1398609 (E.D.N.Y. May 19, 2026), and if the government's position is that Petitioner was and continues to be properly detained under Section 1226, it must explain why the Petition should not be granted given this Court's decision in *Quille v. Blanche*, No. 26-cv-2818, 2026 WL 1453889 (E.D.N.Y. May 22, 2026). *See* August 25, 2026, Text Order.

The government filed its response on September 2, 2026, where it notes that "8 U.S.C. § 1225(b)(2)(A) is the applicable detention authority here," but concedes that *Barbosa da Cunha*, "which is controlling in this Circuit, likely counsels treating Petitioner as subject to 8 U.S.C. § 1226(a)." *See* Resp. at 3–4. Petitioner has yet to file a reply.[2]

[2] The Court issues the instant Order before Petitioner's deadline to file a reply in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). Particularly relevant here is the Second Circuit's recent decision in *Barbosa da Cunha*, 175 F.4th 61. There, the Circuit held that Section 1226(a), not Section 1225(b)(2)(A), "plainly applies to noncitizens, like Petitioner, who are presented in the United States, but charged as inadmissible for entering the country without inspection and admission." *Id.* at 73.

## DISCUSSION

In the instant action, Petitioner seeks a writ of habeas corpus based on a violation of the Due Process Clause of the Fifth Amendment, among other claims.[3] *See* Pet. ¶¶ 61–92.

In response, the government concedes that controlling Circuit Court precedent "likely counsels treating Petitioner as subject to 8 U.S.C. § 1226(a)." Resp. at 3. The Court agrees with that concession. As it has done previously, the Court, following the Second Circuit's decision in *Barbosa da Cunha*, rejects the government's attempts to apply Section 1225 to noncitizens who,

[3] The Court need not address Petitioner's other claims, given its conclusion that Petitioner's detention under 8 U.S.C. § 1225 violates the Due Process Clause of the Fifth Amendment.

like Petitioner, are already in the country and have been for several years. *See Guaraca-Tipan v. Blanche*, No. 26-cv-4532, 2026 WL 2254753, at *2 (E.D.N.Y. Aug. 5, 2026) (collecting cases). Respondents argue that *Barbosa da Cunha* "does not squarely govern because rather than being first encountered in the interior, Petitioner here was apprehended shortly after crossing the border." Resp. at 3. But as this Court has previously held, again supported by the Second Circuit's reasoning in *Barbosa da Cunha*, detention of an "arriving" noncitizen under Section 1225 only applies to a noncitizen seeking admission *right now*, not to one who, like Petitioner, has already arrived and been present in the United States for over two years. *See Casallos v. Maldonado*, No. 26-cv-04175, 2026 WL 2267789, at *4 (E.D.N.Y. Aug. 6, 2026) (citing *Barbosa da Cunha*, 175 F.4th at 77).

For these reasons, the Court concludes that Petitioner is currently being detained pursuant to Section 1226. Before the government may exercise its discretion to detain a noncitizen under Section 1226(a), ICE must make "an initial custody determination . . . that entails an assessment of whether he can demonstrate that he is neither a danger to persons or property, nor a flight risk." *Pastrana-Beltran,* 2026 WL 1398609, at *2 (citing 8 C.F.R. §§ 1003.19(a), (f), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492–93 (S.D.N.Y 2025) ("[B]efore the Government may exercise such discretion to detain a person, § 1226(a) and its implementing regulations require ICE official to make an individualized custody determination."); *Gopie v. Lyons*, No. 25-cv-5229, 2025 WL 3167130, at *2 (E.D.N.Y. Nov. 13, 2025) (collecting cases). Because there is no record of Petitioner receiving the individual custody determination that Section 1226(a) requires, the Court concludes that he is being detained in violation of his rights to due process under the Fifth Amendment. *See Quille*, 2026

WL 1453889, at *4; *Cajamarca-Janza v. Soto*, No. 26-cv-3066, 2026 WL 1506777, at *4 (E.D.N.Y. May 29, 2026).

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of the controlling law of this Circuit, is a failure of process that entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

## CONCLUSION

For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his Petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. today, September 3, 2026.

The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing by clear and convincing evidence that his detention is authorized under Section 1226(a). *See J.C.G. v. Genalo*, No. 24-cv-08755, 2025 WL 88831, at *7 (S.D.N.Y. Jan. 14, 2025) (collecting cases where courts ordered that the government bear the burden of demonstrating by clear and convincing evidence that discretionary detention was justified). This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y.

Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements" and return petitioner to "the status quo ante").

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 3, 2026